UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| RAMON EDWARDO GUTIERREZ, | ) |
| | ) |
| Petitioner, | ) Civil Action No. 6:17-cv-0085-GFVT |
| | ) |
| v. | ) |
| | ) |
| J. RAY ORMOND, Warden, | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Respondent. | ) |
| | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Ramon Edwardo Gutierrez is an inmate at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Gutierrez filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1.] This matter is before the Court to conduct an initial screening of Gutierrez's petition. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

**I**

In 2003, Gutierrez was convicted of conspiracy to possess more than 1,000 kilograms of marijuana with the intent to distribute, possession of more than 1,000 kilograms of marijuana with the intent to distribute, and conspiracy to possess more than 100 kilograms of marijuana with the intent to distribute, all in violation of 21 U.S.C. §§ 841 and 846.[1] During Gutierrez's criminal case, the Government filed a notice pursuant to § 851, setting forth his criminal history. That notice apparently indicated that Gutierrez had a prior felony drug conviction. In light of

---

[1] This procedural history comes from Gutierrez's petition at R. 1, his underlying criminal case of *United States v. Gutierrez*, No. 5:03-cr-366 (S.D. Tex. 2003), his direct appeal at *United States v. Gutierrez*, No. 03-41583 (5th Cir. Jan. 3, 2005), and the denial of his motion to vacate his sentence at *Gutierrez v. United States*, No. 5:06-cv-044 (S.D. Tex. Dec. 7, 2006).

1

that information, the trial court sentenced Gutierrez to the mandatory minimum of 20 years in prison pursuant to § 841(b)(1). The United States Court of Appeals for the Fifth Circuit affirmed Gutierrez's convictions, and his subsequent efforts to vacate his sentence were unsuccessful.

In his petition, Gutierrez argues that the enhancement of his federal sentence pursuant to 21 U.S.C. § 841(b)(1)(A) violates his due process and equal protection rights because his prior convictions were not evaluated as possible predicate offenses using the same "categorical approach" described in *Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243 (2016), which is applied to evaluate prior convictions for possible sentence enhancements imposed pursuant to 18 U.S.C. § 924(e)(1).

**II**

Having thoroughly reviewed Gutierrez's petition [R. 1], as well as his various amendments and supplemental arguments [R. 5, 8, 14], the Court must deny relief because Gutierrez's claims are not cognizable in a habeas corpus petition under § 2241 and because they are without merit. A habeas corpus petition filed pursuant to § 2241 may be used to challenge actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). If a federal prisoner instead wishes to challenge the legality of his federal conviction or sentence, he must do so by filing a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A habeas corpus petition pursuant to 28 U.S.C. § 2241 may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773–74 (6th Cir. 2004). A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review ..."). In other words, prisoners cannot use a habeas petition under § 2241 as yet another "bite at the apple." *Hernandez v. Lamanna*, 16 F. App'x 317, 360 (6th Cir. 2001).

To properly invoke the savings clause, the petitioner must be asserting a claim that she is "actual innocent" of the underlying offense by showing that after the petitioner's conviction became final, the Supreme Court re-interpreted the substantive terms of the criminal statute under which she was convicted in a manner that establishes that her conduct did not violate the statute. *Wooten v. Cauley*, 677 F.3d 303, 307–08 (6th Cir. 2012) (citing *United States v. Peterman*, 249 F.3d 458, 461-62 (6th Cir. 2001)); *Hayes v. Holland*, 473 F. App'x 501, 501–02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."). The Supreme Court's newly-announced interpretation must, of course, be retroactively applicable to cases on collateral review. *Wooten*, 677 F.3d at 308.

Gutierrez's petition must be denied because his claims are not ones of actual innocence, and hence are not cognizable in a § 2241 petition. Gutierrez asserts that the enhancement of his sentence pursuant to 21 U.S.C. § 841(b)(1)(A) is unconstitutional because it was not the product

of the categorical approach discussed in *Mathis* and applied to enhancements under 18 U.S.C. § 924(e)(1). First, this is not a claim based upon statutory interpretation but a constitutional claim, and hence falls outside the purview of § 2241. Second, it is not a claim based upon *Mathis* at all; rather, it is predicated upon the categorical approach, a doctrine established before Gutierrez's sentence was imposed. See *Taylor v. United States*, 495 U.S. 575, 600-601 (1990). It is therefore a claim he could and must have asserted before the trial court, upon direct appeal, or in a motion pursuant to 28 U.S.C. § 2255. For these reasons, his claims may not be pursued under 28 U.S.C. § 2241.

Gutierrez also challenges not his convictions, but his sentence. The decidedly narrow scope of relief under § 2241 applies with particular force to sentencing challenges. *Peterman*, 249 F.3d at 462; *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("The savings clause of section 2255(e) does not apply to sentencing claims."). In *Hill v. Masters*, 836 F. 3d 591 (6th Cir. 2016), the Sixth Circuit articulated a very narrow exception to this general rule, permitting a challenge to a sentence to be asserted in a § 2241 petition, but only where (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his federal sentence no longer qualified as a valid predicate offense. *Hill*, 836 F. 3d at 599–600.

To be sure, Gutierrez was sentenced before the Supreme Court decided *Booker*, and he may be foreclosed from filing a successive petition under § 2255. However, Gutierrez's claims are not based upon any recent Supreme Court decision, but instead challenge the limited

4

applicability of the categorical approach on constitutional grounds. Moreover, for a claim based upon a recently-issued Supreme Court decision interpreting a statute to be cognizable in a § 2241 petition, the holding must be retroactively applicable to cases on collateral review. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012). The Supreme Court in *Mathis* itself made abundantly clear that its holding was required by decades-old precedent and hence did not announce any new rule, *Mathis*, 136 S. Ct. at 2257, and the Sixth Circuit has expressly so held. *In re: Conzelmann*, 872 F.3d 375 (6th Cir. 2017). Gutierrez's challenge to his sentence therefore falls well outside the limited exception articulated in *Hill*, and must be denied.

Gutierrez's claim is also wholly without merit. Determining whether a prior conviction was for a "serious drug offense" within the meaning of 18 U.S.C. § 924(e)(2)(A) may involve a complex assessment of whether the prior offense involved the manufacture, distribution, or possession with intent to do one of these things within the meaning of the statute. Cf. *United States v. Hinkle*, 832 F.3d 569, 572–73 (5th Cir. 2016). When making that assessment, the categorical approach guides the district court when comparing each of the numerous elements which collectively constitute the underlying offense against the elements of its generic counterpart. See, e.g., *Taylor*, 495 U.S. at 591.

But Gutierrez's sentence was not enhanced under this statute. Instead, his sentence was enhanced under the far simpler provision found in 21 U.S.C. § 841(b)(1)(A) because he had previously committed numerous "felony drug offenses." To qualify as a "felony drug offense," no detailed comparison of elements is required. Rather, 21 U.S.C. § 802(44) merely requires that the prior state or federal offense (1) be punishable by more than one year in prison, and (2) that it "prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." By its terms, § 802(44) does not require that the prior

5

offense constitute any particular species of crime, but only that it "relat[e] to" conduct involving drugs.

Given the breadth of this definition the use of the categorical approach is neither necessary nor appropriate. See *United States v. Graham*, 622 F. 3d 445, 456–57 (6th Cir. 2010); *United States v. Spikes*, 158 F.3d 913, 932 (6th Cir. 1998) ("[Section] 802(44) only requires that the state statute criminalize conduct 'relating' to drugs. The use of the expansive term 'relating' as the only substantive limitation on the reach of the statutory phrase 'felony drug offense' clearly indicates that the statute encompasses drug offenses that involve the simple possession of drugs."), *cert. denied*, 525 U.S. 1086 (1999). The more complex analysis described in *Taylor* and *Mathis* is simply not relevant to Gutierrez's circumstances. Cf. *United States v. Gutierrez*, No. 1:12-CR-88-1, 2017 WL 3528954, at *5–6 (W.D. La. July 11, 2017) (rejecting the exact argument pressed here and correctly noting that "[t]he categorical approach in *Moncrieffe* and *Taylor* has never been applied to the enhanced penalty provisions of § 841(b)(1)(A) and has never been used to interpret the phrase 'felony drug offense' in 21 U.S.C. § 802(44).") (citing *United States v. Wing*, No. 5:13-CR-87-JMH, 2016 WL 3676333, at *2 (E.D. Ky. 2016)).

Finally, to the extent that Gutierrez argues that the United States Supreme Court's remand order in *Persaud v. United States*, __ U.S. __, 134 S. Ct. 1023 (2014) establishes that his claims are cognizable in a § 2241 petition, the remand order in *Persaud* occurred four years ago, and Gutierrez provides no justification for his failure to assert it as a ground for relief in his original petition. Nor does *Persaud* provide any viable ground for relief from the judgment. In *Persaud*, the Supreme Court agreed to remand that case for further consideration only because the Solicitor General flatly conceded the petitioner's argument that a challenge to a sentence may be pursued under the savings clause of § 2255(e). *Id*. But "[Petitioner's] contention that

6

[*Persaud*] stands for the proposition that sentencing enhancements based on ineligible prior convictions are errors amenable to § 2241 relief is unavailing as *Persaud* is not a substantive decision." *Sharbutt v. Vasquez*, 600 F. App'x 251 (5th Cir. 2015). In addition, this Court and the United States Court of Appeals for the Sixth Circuit are bound by the latter's published decision regarding the scope of the savings clause in *Hill v. Masters*, 836 F. 3d 591, 599-600 (6th Cir. 2016).

### III

For each of these reasons, Gutierrez's petition fails to establish any basis for habeas relief. Accordingly, it is hereby **ORDERED** as follows:

1. Gutierrez's petition for a writ of habeas corpus [**R. 1**] is **DENIED**;

2. All pending requests for relief, including Gutierrez's motion to submit supplemental authority and for order to show cause [**R. 14**], are **DENIED**;

3. The Court will enter a judgment contemporaneously with this order; and

4. This matter is **DISMISSED** and **STRICKEN** from the docket.

This 28th day of March, 2018.

Gregory F. Van Tatenhove
United States District Judge